UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FATBOY THE ORIGINAL, B.V. and FATBOY USA, LLC<br><br>Plaintiffs,<br>v.<br><br>MORGAN IMPORTS, LLC<br><br>Defendant. | Civil Action No. 3:16-cv-1915 |

ORIGINAL COMPLAINT

Plaintiffs Fatboy the Original, B.V. ("Fatboy") and Fatboy USA, LLC ("Fatboy USA" and, together with Fatboy, "Plaintiffs"), for their Complaint against Defendant Morgan Imports, LLC, alleges as follows:

SUBSTANCE OF THE ACTION

1. Fatboy is the owner of all rights worldwide in the design of the wildly popular LAMZAC THE ORIGINAL inflatable lounger (the "LAMZAC Lounger") and Fatboy USA has an exclusive license from Fatboy to distribute and promote the LAMZAC Lounger in the United States. All of the claims asserted herein arise out of and are based on Defendant's willful infringement of Plaintiffs' intellectual property rights in the LAMZAC Lounger, which Defendant is well aware of but has chosen to blatantly disregard.

2. Plaintiffs bring claims for trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and related claims of unfair competition under Texas law. Plaintiffs seek injunctive relief to stop Defendant's unlawful promotion, distribution, and sale of

its infringing product. Plaintiffs also seek monetary relief in an amount sufficient to compensate for their loss as well as to disgorge any ill-gotten profits obtained by Defendant.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121; under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b); and under principles of pendent jurisdiction. Supplemental jurisdiction exists over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant pursuant to Texas Civil Practice and Remedies Code § 17.042 because, upon information and belief, (i) Defendant regularly does and solicits business within the State of Texas; (ii) Defendant has engaged in the marketing, promotion, advertising and offering for sale of its infringing product within the State of Texas, including shipping its infringing product into the State of Texas; and (iii) Defendant has committed torts in the State of Texas, namely the marketing, promotion, advertising, sale and/or offering for sale of its infringing product in violation of Plaintiffs' rights.

5. Venue is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to the claims occurred in this district, including shipping its infringing product into this district.

## THE PARTIES

6. Plaintiff Fatboy the Original B.V. is a limited liability company organized and existing under the laws of the Netherlands, having a principal place of business at De Steenbok 19 Den Bosch, 5215 MG Netherlands.

7.     Plaintiff Fatboy USA, LLC is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 875 West Sandy Lake Road, #100, Coppell, TX 75019.

8.     Upon information and belief, Defendant Morgan Imports, LLC is a limited liability company organized and existing under the laws of the State of California, having a principal place of business at 6260 River Crest Drive, #G, Riverside, CA 92507.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

**I.     THE LAMZAC LOUNGER**

9.     Mr. Martin Oomen, a resident of the Netherlands, is the designer of the LAMZAC Lounger.

10.    In 2010, Mr. Oomen took part in the Dutch television program *Het Beste Idee van Nederland*, in which experts searched for the best inventions created in the Netherlands. On that program, Mr. Oomen presented the idea of scooping air into a deflated bag to create shapes that could then be used for seating, among other things.

11.    In 2012, Mr. Oomen began selling an inflatable "beanbag" chair at festivals and through his online store.

12.    Over time, Mr. Oomen created other designs based on the same principle, eventually leading to his creation of an elongated bag that can be filled with air and put into the shape of a lounger, which became the LAMZAC Lounger.

13.    The LAMZAC Lounger is filled with air by means of "air scooping." During "air scooping," an opening reinforced with ribs is held open and a scooping movement is made, so the bag fills with air. The opening is then folded together and the air stays caught in the bag.

14.     The LAMZAC Lounger is shown below in one of the many colors in which it is sold:



15.     Mr. Oomen has assigned all of his rights in the design of the LAMZAC Lounger, including without limitation the rights asserted herein, to Fatboy.

16.     The LAMZAC Lounger was launched for commercial sale in February 2015.  It became an immediate sensation in Europe.  Sales in the United States commenced soon thereafter, and were met with similar immediate success.  The LAMZAC Lounger is currently available for sale in the United States on Fatboy USA's website at www.fatboyusa.com and via various retail outlets.

*Fatboy's Trade Dress in the LAMZAC Lounger*

17.     Through the widespread use, marketing, and significant sales of the LAMZAC Lounger by Plaintiffs  and their predecessor, Mr. Oomen,  Plaintiffs own common law rights in the trade dress of the LAMZAC Lounger.

18.     The LAMZAC Lounger incorporates a distinctive design composed of a unique combination of elements that collectively create a particular trade dress that is characteristic of the LAMZAC Lounger, consisting of:

   a.   an inflatable lounger characterized by a long, folded tubular shape;

   b.   the upper part of the lounger has a depression with the shape of a split;

   c.   the split is created by convex walls which join at the bottom;

    d.   the lounger at one end has a kink that goes inward; and

    e.   the other end of the lounger has a large, circular rolled-up opening.

(the "LAMZAC Lounger Trade Dress").

19. Almost immediately after its commercial release, the LAMZAC Lounger became immensely popular and remains so today. The product has received extensive unsolicited coverage by media outlets available to consumers in the United States, including, for example, a January 2016 article that appeared on Buzzfeed. *See* http://www.buzzfeed.com/nicolenguyen/peak-chill#.eeLqKdR6O (last visited on June 6, 2016).

20. The LAMZAC Lounger has garnered a substantial following on social media outlets. For example, the Lamzac Facebook page, which prominently features the images of the LAMZAC Lounger and LAMZAC Lounger Trade Dress, has garnered over 250,000 "likes" and features instructional videos for the LAMZAC Lounger that collectively have been viewed more than 20 million times.

21. As a result of the commercial success and widespread publicity of the LAMZAC Lounger, the public has come to associate the distinctive LAMZAC Lounger Trade Dress exclusively with Plaintiffs. As such, the LAMZAC Lounger Trade Dress has obtained secondary meaning and is an enormously valuable asset of Plaintiffs.

22. The LAMZAC Lounger Trade Dress is non-functional. None of the design elements listed above are dictated by the function to be performed by the LAMZAC Lounger, namely to serve as an air-filled lounger. Nothing dictates that an air-filled lounger have a folded tubular shape, or a depression with the shape of a split created by convex walls that join at the bottom, or a large circular, rolled-up opening at one end, or a kink that goes inward on the other

end. And certainly nothing dictates that an air-filled lounger have *all* of these design elements in combination.

23. The LAMZAC Lounger is the subject of two pending design patent applications in the United States, each of which claim a priority date of January 28, 2015 based on Fatboy's Registered Community Design No. 002621904-0001.[1]

## II. DEFENDANT'S UNLAWFUL ACTIVITIES

24. On information and belief, Defendant has manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported an inflatable lounger called The Hangout with a design that is virtually identical to the LAMZAC Lounger Trade Dress (the "Infringing Product"), as shown from the side-by-side comparison below:



Lamzac Lounger　　　　　　　　　　　　　　　　Infringing Product

25. Upon information and belief, Defendant sells its Infringing Product through various trade channels, including, without limitation, on its website at http://www.thechillingspot.com/.

---

[1] Once these design patents issue, Plaintiffs will amend or, if required, seek leave to amend this Complaint to assert additional claims for design patent infringement. To date, Fatboy and Mr. Oomen have successfully enforced their rights against infringers in civil proceedings in the Netherlands, *see* RBDH [District Court of the Hague] 13 mei 2016, KG ZA 2016, 5216 m.nt. F.M. Buis (Oomen/Massive Air B.V.) (Neth.) (issuing European-Community-wide injunction against Kaisr Original lounger made by Massive Air B.V. based on client's Registered Community Design) and Germany, *see* Landgericht Düsseldorf [LG][Regional Court of Düsseldorf] May 16, 2016 (Ger.) (issuing preliminary injunction against Laybag lounger made by Trader Express Limited).

26. Upon information and belief, such activities are being done willfully, with the knowledge that the design of the Infringing Product is copied from, and/or based upon, the LAMZAC Lounger Trade Dress and that the Infringing Product is confusingly similar to the LAMZAC Lounger Trade Dress.

27. Defendant is not related to or affiliated with Plaintiffs in any way. Defendant has not sought or received a license or authorization from Plaintiffs for any purpose whatsoever, including for the acts described herein.

28. Defendant's sale of the Infringing Product unlawfully wrests from Plaintiffs control over their reputation and, upon information and belief, is unjustly enriching Defendant.

29. Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiffs and their business and goodwill unless restrained by this Court.

**FIRST CLAIM FOR RELIEF:**
**UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125(a)**

30. Plaintiffs repeat and incorporate herein by reference the foregoing allegations contained in paragraphs 1-29.

31. The LAMZAC Lounger Trade Dress is used in commerce, is non-functional, and has acquired secondary meaning as the indicator of Plaintiffs as the exclusive source of products containing or incorporating such trade dress.

32. Defendant has adopted the LAMZAC Lounger Trade Dress and has, without Plaintiffs' authorization or consent, manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold the Infringing Product that contains or incorporates the LAMZAC Lounger Trade Dress or designs that are confusingly similar thereto.

33.     Defendant's conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and Plaintiffs, and/or as to Plaintiffs' sponsorship or approval of Defendant's goods, services, and/or commercial activities.

34.     As a result of the foregoing, Defendant has falsely designated the origin of the Infringing Product, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35.     Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

36.     Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF:
## COMMON LAW UNFAIR COMPETITION

37.     Plaintiffs repeat and incorporate herein by reference the foregoing allegations contained in paragraphs 1-36.

38.     Defendant's aforesaid conduct constitutes common law unfair competition with Plaintiffs under the common law of the State of Texas.

39.     Defendant's aforesaid conduct of common law unfair competition has caused, and unless enjoined by this Court, will continue to cause, Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

1.      Permanently enjoining and restraining Defendant, its agents, servants, employees, successors, and assigns and all those in active concert or participation with it, from:

(a)     Imitating, copying, or making unauthorized use of the LAMZAC Lounger Trade Dress, including, without limitation, by manufacturing, reproducing, importing, distributing,

displaying, advertising, promoting, offering for sale, selling, distributing, importing, or exporting any products bearing the LAMZAC Lounger Trade Dress, including the Infringing Product, or any other design that is confusingly similar to the LAMZAC Lounger Trade Dress;

    (b)    Using any false designation of origin or false description or performing any act that can or is likely to lead members of the trade or public to believe that Defendant is associated with Plaintiffs or that any product manufactured, distributed, advertised, displayed, promoted, offered for sale, sold, imported, or exported by Defendant is in any manner associated or connected with Plaintiffs, is a genuine product of Plaintiffs, or is authorized, licensed, sponsored, or otherwise approved by Plaintiffs;

    (c)    Engaging in any other activity constituting unfair competition with Plaintiffs , or constituting an infringement of the LAMZAC Lounger Trade Dress; and

    (d)    Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(c) above, inclusive.

    2.    Directing that Defendant turn over to Plaintiffs for impoundment and eventual destruction, without compensation to Defendant, all materials in its possession or control that violate the provisions of paragraphs 1(a) above, along with all articles by means of which such unauthorized copies may be reproduced.

    3.    Directing that Defendant, at its own expense, recall from any distributors, retailers, vendors, or others to whom it has distributed materials that violate the provisions of paragraph 1(a)-(c) above, and that Defendant deliver up to Plaintiffs for destruction all materials returned to it.

    4.    Directing that Defendant, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Plaintiffs, within thirty (30) days of the entry of injunction prayed for herein, a written

report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

5. Granting Plaintiffs all damages sustained as a result of Defendant's unlawful activities described above, together with appropriate interest thereon and that such sums be trebled.

6. Granting Plaintiffs all the gains, profits, savings, and advantages realized by Defendant from its unlawful actions described above.

7. Granting Plaintiffs punitive damages.

8. Granting Plaintiffs their full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

9. Granting Plaintiffs both pre-judgment and post-judgment interest on each and every monetary award.

10. Granting Plaintiffs such other and further relief as the Court may consider equitable, just and proper.

JACKSON WALKER, LLP

Dated:  June 30, 2016

By: __/s/ John M. Jackson_____
John M. Jackson
Texas State Bar No. 24002340
JACKSON WALKER, LLP
2323 Ross Avenue, Suite 600
Dallas, TX  75201
jjackson@jw.com

David Donahue (*pro hac vice* forthcoming)
Jason D. Jones (*pro hac vice* forthcoming)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017

*Attorneys for Plaintiffs*